1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDELFATAH ELLAWENDY,

Petitioner,

v.

MONTEREY COUNTY SUPERIOR
COURT,

Respondent.

Case No. 20-02708 BLF (PR)

**ORDER OF PARTIAL DISMISSAL
AND TO SHOW CAUSE;
GRANTING MOTION FOR LEAVE
TO PROCEED *IN FORMA
PAUPERIS***

(Docket Nos. 2, 5)

Petitioner, a California parolee, filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  The petition indicates that Petitioner is

challenging his state conviction out of Monterey County Superior Court.  *Id*.  Petitioner

has filed a motion for leave to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 2, 5

**DISCUSSION**

**I.    Standard of Review**

Review of the execution of a federal sentence is properly brought as a petition under

28 U.S.C. § 2241.  *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)

(presentence time credit claim); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980)

(parole decision claim); *see also Mills v. Taylor*, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of presentence time credit).  Section 2241 is also the proper basis for a habeas petition by a person in state custody who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pretrial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal.  *See Dominguez v. Kernan*, 906 F.3d 1127, 1138 (9th Cir. 2018) (pretrial double jeopardy challenge); *Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (same); *Stow v. Murashige*, 389 F.3d 880, 885-88 (9th Cir. 2004) (conviction reversed on appeal); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).

With respect to a state conviction or sentence, this court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

## II.    Analysis

The court form that Petitioner used to file this action is for a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1 at 1.  However, Petitioner is not challenging a federal sentence, nor is he a pretrial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal.  *Id.*  Accordingly, there are no grounds for Petitioner to file a petition under § 2241.  The proper avenue for challenging his state conviction is through a petition under 28 U.S.C. § 2254.  Therefore, the Court will liberally construe the petition as one under § 2254 and conduct an initial review.

Petitioner claims the following grounds for habeas relief: (1) invalid plea which was

2

made under duress; (2) racial and gender bias; (3) new evidence which was not available at the time of judgment; and (4) violation of his rights under the Sixth and Fourteenth Amendments because the witness lied under oath.  Dkt. No. 1 at 6-7.

It appears that Petitioner entered a plea which he is now challenging.  A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same).  Accordingly, Petitioner may not pursue claims 2, 3, and 4, which relate to the deprivation of constitutional rights that occurred before the guilty plea.

The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.*; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004); *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988); *Hudson*, 760 F.2d at 1030.

Petitioner claims that his plea is invalid because it was made under duress.  Dkt. No. 1 at 6.  In other words, he is claiming that it was not voluntary.  A plea is "involuntary" if it is the product of threats, improper promises, or other forms of wrongful coercion, *Brady v. United States*, 397 U.S. 742, 754-55 (1970).  Liberally construed, this first claim is cognizable under § 2254 and merits an answer from Respondent.

In addition to revocation of his conviction, Petitioner seeks damages.  Dkt. No. 1 at 7.  However, the power of a federal habeas court "lies to enforce the right of personal liberty." *Fay v. Noia*, 372 U.S. 391, 430 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  As such, a habeas court only has the power

to release a prisoner.  It has "no other power."  *Fay*, 372 U.S. at 431.  Accordingly, Petitioner's claim for damages is not available through this habeas action.

Damages may be available through an action filed under 42 U.S.C. § 1983. However, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.  Accordingly, Petitioner may only pursue a § 1983 action for damages only if he prevails in this habeas action.  The claim for damages is DISMISSED from this habeas action.

### CONCLUSION

For the foregoing reasons and for good cause shown,

1.      Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**. Dkt. Nos. 2, 5.

2.      The only cognizable claim in this action is the first claim, challenging the voluntary nature of Petitioner's plea.  Accordingly, all other claims are DISMISSED as not cognizable.  Petitioner's claim for damages is also dismissed.

3.      The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk also shall serve a copy of this order on Petitioner.

4.      Respondent shall file with the court and serve on Petitioner, within **ninety**

**(90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

5.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket Nos. 2 and 5.

**IT IS SO ORDERED.**

**Dated:  _September 8, 2020_____**

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and to Show Cause; Granting IFP
PRO-SE\BLF\HC.20\02708Ellawendy_osc&ifp