UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELFATAH ELLAWENDY,<br>            Petitioner,<br>    v.<br>MONTEREY COUNTY SUPERIOR COURT,<br>            Respondent. | Case No. 20-02708 BLF (PR)<br><br>**ORDER DENYING LEAVE TO FILE AMENDED PETITION; LIFTING STAY ON BRIEFING; SETTING DEADLINE FOR PETITIONER'S TRAVERSE**<br><br>(Docket No. 15) |

Petitioner, a state parolee, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2019 state conviction out of Monterey County, which involved charges for stalking, several counts of assault, and dissuading a witness from testifying. Dkt. No. 1; Dkt. No. 12-1 at 1-2. Pursuant to a negotiated plea, Petitioner pleaded no contest to one count of assault with a deadly weapon, agreeing to serve no more than two years; the trial court sentenced him to two years in state prison. Dkt. No. 12-1 at 2. The Court found the only cognizable claim in the petition was the claim challenging the voluntary nature of Petitioner's plea and dismissed all other claims; Respondent was directed to show cause why the petition should not be granted. Dkt. No. 6. On January 27, 2021, Respondent filed an answer on the merits, Dkt. No. 12-1.

Nearly six months later on July 8, 2021, Petitioner filed a document entitled

"petition for a writ of habeas corpus," which the Court construed as a motion for leave to file an amended petition. Dkt. No. 15. The Court directed Respondent to file an opposition or statement of non-opposition to the motion and stayed briefing on Respondent's answer. Dkt. No. 16. Respondent filed an opposition, Dkt. No. 17, and Petitioner filed a reply, Dkt. No. 23.

## DISCUSSION

### A. Leave to Amend

The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course, i.e., without seeking court leave. *Id.* at 655. Here, Petitioner filed his proposed amended petition ten months after the Court ordered the matter served on Respondent. Dkt. No. 6. Accordingly, Petitioner must obtain leave of court to proceed with his amended petition.

Rule 15 applies to amendments to habeas answers as well. *See Waldrip v. Hall*, 548 F.3d 729, 731-33 (9th Cir. 2008). Public policy strongly encourages courts to permit amendments. *Id.* at 731. In reviewing whether a grant of leave to amend was an abuse of discretion, the appellate court "'often consider[s] . . . bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *Id.* 732 (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see*, *e.g.*, *id.* at 732-33 (no undue delay when state's motion to amend answer to assert untimeliness defense was only filed after United States Supreme Court decision made clear that Ninth Circuit authority was incorrect).

An amendment made after AEDPA's one-year statute of limitations has run relates

2

back to the date of the original pleading when the amendment "asserts one or more claims that arise out of 'the conduct, transaction, or occurrence' that the original petition "set out" or "attempted to . . . set out." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (en banc) (quoting Fed. R. Civ. P. 15(c)(1)(B)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650 (finding that new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). Only if the original and amended petition state claims that are tied to a common core of operative facts will relation back be in order. *Id.* at 664. "[F]or all purposes," including relation back, the original petition consists of the petition itself and any "written instrument[s]" that are exhibits to the petition. *Ross*, 950 F.3d at 1167 (quoting Fed. R. Civ. P. 10(c)) (specifying that, "[l]ike a brief, a court decision is a written instrument" and holding that state appellate court's order, attached to timely petition, was incorporated by reference for relation back purposes).

In the original petition, Petitioner claimed the following: (1) invalid plea which was made under duress and not voluntarily; (2) racial and gender bias by the police, prosecution, and trial judge; (3) new evidence which was not available at the time of judgment, including perjury by the witness; and (4) violation of his rights under the Sixth and Fourteenth Amendments based on the witness lying under oath, no interpreter was provided at the signing of the plea, and police fabricated evidence, among other allegations. Dkt. No. 1 at 6-7. Petitioner was advised that a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. Dkt. No. 6 at 3, citing *Haring v. Prosise*, 462 U.S. 306, 3019-20 (1983) (guilty plea foreclose consideration of pre-plea constitutional deprivation); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same). The only challenges left open in federal habeas corpus after a guilty plea is the

3

voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Id.* citing *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. at 267. Accordingly, the Court found the first claim that his plea was made under duress was cognizable and dismissed claims 2, 3, and 4 which related to the deprivation of constitutional rights that occurred before the guilty plea. *Id.*

In the amended petition, Petitioner raises additional grounds challenging the voluntary nature of his plea based on counsel's deficient advice. Dkt. No. 15 at 1. Petitioner also claims prosecutorial misconduct, bias by the trial judge, and new evidence. *Id.* In opposition, Respondent asserts the amendment should be denied because Petitioner fails to explain any reason for the lengthy delay and his failure to add the allegations originally. Dkt. No. 17 at 2. Respondent also points out that the amended petition includes the same claims that were already dismissed by the Court. *Id.* Furthermore, Respondent asserts that the proffered amendments with respect to Plaintiff's plea adds nothing beyond what was already discussed in their answer. *Id.* at 3. Lastly, Respondent asserts that the amendment would be futile as to all of Petitioner's claims because they involve allegations of out-of-court, and thus off-record events, which have no support in the appellate record; and since the Court's review is limited to the record before the state court, Petitioner's allegations were reasonably rejected by the state court as unsupported. *Id.* In reply, Petitioner asserts that he is self-representing and therefore needs more time to review the law. Dkt. No. 23 at 1. He also repeats his allegations regarding misconduct by the district attorney, the witness who lied under oath, bias and racism by the judge, and the involuntary nature of his plea. *Id.* at 2-4. Petitioner asserts that he is innocent and desires to "disclose the corruption and abuse by some law enforcement members." *Id.* at 4.

After carefully reviewing the papers, in exercising its discretion, the Court declines to permit an amendment at such a late stage in the proceedings. The Court dismissed the non-cognizable claims and directed Respondent to answer on the remaining claim on September 8, 2020. Dkt. No. 6. Petitioner did nothing to challenge that ruling. Rather,

4

ten months later, he filed an amended petition on July 8, 2021, which again includes the same claims which the Court dismissed from the original petition. Dkt. No. 15. Meanwhile, Respondent filed an answer on the merits on January 27, 2021. Dkt. No. 12. Petitioner's traverse was due 30 days thereafter, but he filed nothing until April 14, 2021, when he filed an "amended complaint." Dkt. No. 13. Then nearly three months later, he filed the amended petition. Dkt. No. 15. Petitioner provides no explanation for the undue delay in attempting to amend his pleading to include additional grounds for challenging his plea.

Furthermore, permitting the amendment would be futile. First of all, the amendment runs afoul of AEDPA's one-year statute of limitations period. Petitioner's direct appeal denied by the California Supreme Court on March 18, 2020. Dkt. No. 12-1 at 2, Ex. G. Therefore, Petitioner had until March 18, 2021, to file a timely petition. Petitioner filed the amended petition on April 14, 2021, after the limitations period expired. Although the new claims in the amended petition challenging his plea could relate back and be timely as they are tied to a common core of operative facts as the cognizable claim, *Mayle*, 545 U.S. at 664, Petitioner would still have to exhaust those new claims in state court before he can raise them in the instant federal habeas action. He clearly has not. The result is a mixed petition which would be subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Although the Court has discretion to stay a mixed petition under *Rhines v. Weber*, 544 U.S. 269 (2005), it is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* at 277. Here, Petitioner has provided no explanation for the delay in filing an amended petition or why he did not raise these claims sooner. Accordingly, the Court is not inclined to exercise its discretion and entertain a motion for a stay under *Rhines* at this late stage in the proceedings.

Lastly, Petitioner does not argue that the non-cognizable claims, those not related to

5

the nature of his plea, were improperly dismissed at the outset, and the Court finds no error in its ruling. Accordingly, Petitioner's motion for leave to amend is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for leave to file an amended petition is DENIED. The amended petition under Docket No. 15 shall be STRICKEN.

2. The stay of briefing on Respondent's answer, Dkt. No. 12, is hereby LIFTED. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within forty-two (42) days** from the date this order is filed.

The matter will be deemed submitted as of the date Petitioner's traverse is due.

**IT IS SO ORDERED.**

Dated:  __May 9, 2022_____

BETH LABSON FREEMAN
United States District Judge