UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELFATAH ELLAWENDY,<br><br>    Petitioner,<br><br>    v.<br><br>MONTEREY COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 20-cv-02708 BLF (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE TRAVERSE; DIRECTING RESPONDENT TO SERVE PETITIONER WITH ANSWER; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>(Docket Nos. 26, 27) |

    Petitioner, a state parolee, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2019 state conviction out of Monterey County, which involved charges for stalking, several counts of assault, and dissuading a witness from testifying. Dkt. No. 1; Dkt. No. 12-1 at 1-2. Pursuant to a negotiated plea, Petitioner pleaded no contest to one count of assault with a deadly weapon, agreeing to serve no more than two years; the trial court sentenced him to two years in state prison. Dkt. No. 12-1 at 2. The Court found the only cognizable claim in the petition was the claim challenging the voluntary nature of Petitioner's plea and dismissed all other claims; Respondent was directed to show cause why the petition should not be granted. Dkt. No. 6. On January 27, 2021, Respondent filed an answer on the merits, Dkt. No. 12-1.

    The Court later stayed briefing on Respondent's answer to consider whether

Petitioner should be granted leave to file an amended petition. Dkt. No. 16. After the matter was fully briefed, the Court denied leave to amend on May 9, 2022, and set a new deadline for Petitioner to file a traverse to Respondent's answer. Dkt. No. 25.

Petitioner has filed a motion for extension of time, asserting he was never served with the Respondent's answer. Dkt. No. 26. He requests that Respondent be ordered to serve him with the answer and that he be given a reasonable amount of time to review it and respond. *Id.* at 1. Good cause appearing, the request is GRANTED.

Petitioner also filed a document titled "Respond to Court Order Dated May 9th 2022." Dkt. No. 27. He requests that the Court reconsider its decision denying leave to amend on the following grounds: (1) public policy strongly encourages courts to permit amendment; (2) the amendment relates back and is tied to the original pleading and "stress on facts which contributed to the involuntarily plea which is the core of the petition"; (3) the amendment was made in "good faith, good cause and in the interest of justice"; (4) he was deprived access to the court records for more than 12 months; and (5) he was neither served nor aware of the Respondent's answer filed on January 27, 2021. *Id.* at 3.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). Furthermore, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest

failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). These requirements are similar to those under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Petitioner did not first request leave of Court before filing the motion for reconsideration as required under Local Rule 7-9. As such, the Court will construe the motion as one for leave to do so and consider whether he has satisfied any of the requirements above. Petitioner has not. After a careful review of the papers, the Court declined to permit an amendment at such a late stage in the proceedings. Dkt. No. 25 at 4. The Court also concluded that an amendment would be futile because the claims were unexhausted, and declined to entertain a motion for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), at this late stage. *Id.* at 5-6. None of the grounds presented by Petitioner in his recent filing satisfies the requirements for reconsideration as he does not assert any of the following: material difference in fact or law which was not discoverable in the exercise of reasonable diligence, the emergence of new material facts or change of law since the Court's order, or a manifest failure by the Court to consider material facts presented to it. *See* Civil L.R. 7-9(b). Accordingly, the request for leave to file a motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's request for leave to file a motion for reconsideration of Court's order denying leave to amend is **DENIED**. Dkt. No. 27.

3

2. Petitioner's request for Respondent to serve their answer on him is **GRANTED**. Dkt. No. 26. Respondent shall serve a copy of their answer, Dkt. No. 12, on Petitioner **no later than fourteen (14) days** from the date of this order. Respondent shall file notice of their compliance with this Court order by filing a copy of the Certificate of Service indicating service of the answer on Petitioner at his current address.

3. Petitioner's request for an extension of time to file a traverse is **GRANTED**. Petitioner's traverse shall be filed **no later than forty-two (42) days** from the date Respondent files their notice of compliance with the Court.

The matter will be deemed submitted as of the date Petitioner's traverse is due.

This order terminates Docket No. 26 and 27.

**IT IS SO ORDERED.**

Dated: ____June 2, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Granting EOT to file Trav; Directing Resp. to Serve; Denying Recon
PRO-SE\BLF\HC.20\02708Ellawendy_eot-trav&recon

4